FILED

AUG 12 2008
AUG 12 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In The United States District Court
For The
Northern District Of Illinois

United States Of America
Plaintiff / Respondent

vs.

Jermone Bass
Defendant / Movant

08CV4556
**JUDGE PALLMEYER**
**MAGISTRATE JUDGE MASON**

Motion Under 28 U.S.C. §2255
To Vacate, Set Aside, Or Correct Sentence
By A Person In Federal Custody, and Supporting Memorandum Of Law

Comes Now, Movant Jermone Bass proceeding pro se and currently a federal prisoner (U.S.M.#21270-424) being located and confined at the F.C.I. in Pekin Illinois. Having been arraigned, convicted following a plea agreement, and sentenced within this United States District Court located in Chicago Illinois, is respectfully attacking the judgement and sentence of this case pursuant to 28 U.S.C. §2255. The Movant hereby submits the following in support of this motion:

1. **Pro Se Petition / Standard Of Review:** Pursuant to the United States Supreme Court's holding in Haines V Kerner, 404 U.S. 519 at 520-21 (1972) "The courts must construe pro se pleadings liberally because the defendant is representing himself."

2. **Affidavit:** Under the penalty of perjury the movant does hereby declare that the foregoing is true and correct to the best of his knowledge and belief.

3. _Statement Of Jurisdiction:_ Jurisdiction is vested in this District Court that presided over the Movant at all phases of this case pursuant to 28 U.S.C. §2255 and Rule 4(a) governing 2255 proceedings. See _Litely V. United States_, 510 U.S. 540 at 562 (1994).

4. _Factual And Procedural Background:_ On February 13, 2007 Information No. 07-CR-59 was filed within The Northern District of Illinois charging Mr. Bass in violation of 18 U.S.C. §1029(a)(2) whereas he alleged to have trafficked in, and used, approximately 43 unauthorized individuals account numbers and other credit card information which had been stolen and obtained with intent to defraud. Said conduct resulted in money, goods, and services exceeding $1,000.00. Ultimately the case was resolved by means of a plea agreement that appears to have been signed by both parties on February 21, 2007 whereas the defendant plead guilty to the above charge. And on July 25, 2007 the Court held a sentencing hearing where arguments were heard by both parties. After considering same, the Court imposed a sentence of imprisonment of 52 Months with an extended term of supervised release of 4 years to follow. No direct appeal was pursued and this timely 2255 Motion now follows. (Copy of Judgement Attached)

5. _Grounds For Relief:_

_Ground One:_

Whether defense counsel's failure to make timely P.S.R. Objections to, and properly argue against several of the defendants' prior convictions that were invalid for purposes of criminal history points calculations, which

ultimately resulted in a longer sentence of imprisonment, has deprived Mr. Bass of due process and effective assistance of counsel as guaranteed under the Fifth and Sixth Amendments of the U.S. Constitution.

Ground Two:

Whether defense counsel's failure to timely appeal the improperly enhanced sentence that was the result of invalid P.S.R. caculations, and resulted in a longer term of imprisonment, has deprived Mr. Bass of due process and effective assistance of counsel as guaranteed under the Fifth and Sixth Amendments of the U.S. Constitution.

6. Defendant's Attorney's Of Record:

Mr. Patrick W. Blegen
53 West Jackson Boulevard
Suite 1362
Chicago, Illinois 60604
# 312-957-0100

Mr. Elliot R. Zinger
10 South LaSalle St.
Suite 1420
Chicago, Illinois 60603
# 312-782-9464

7. Summation: The aforementioned two grounds for relief presented herein demonstrate that defense counsel's errors resulted in denial of due process and ineffective assistance of counsel, therefore establish denial or infringement of the procedural and/or constitutional rights of Mr. Bass as to render his judgement and sentence unlawful. The details and legal arguments supporting same are set forth in the attached Memorandum of Law, and Mr. Bass relies upon same.

-3-

Wherefore, the Movant prays that this Court will grant the appropriate relief to the grounds presented herein, and asks the Court to vacate his unconstitutional sentence based upon errors of defense counsel and grant his writ of habeas corpus to have him brought before it to the end that justice prevail.

Respectfully submitted,

Jermone Bass

Jermone Bass
Defendant/Movant Pro Se
Dated: August 3, 2008

### Certificate Of Service

I hereby certify that I have mailed the original and two additional copies of this 28 U.S.C. § 2255 Motion and Memorandum, on the Clerk Of Court at the U.S. District Courthouse 219 South Dearborn, Chicago Illinois 60604, by placing same in a postage prepaid envelope and utilizing the Prison Legal Mail system on this 4th day of August 2008. Moreover, the Movant is relying upon the Prisoner Filing Date established by the U.S. Supreme Court in Houston v Lack, 101 L.Ed.2d 245 (1988) which deems his motion "Filed" the day he places it in the hands of the prison authorities handling Legal Mail.

## Memorandum Of Law

### Ground One:

Whether defense counsels' failure to make timely P.S.R. Objections to, and properly argue against several of the defendants' prior convictions that were invalid for purposes of criminal history points caculations, which ultimately resulted in a longer sentence of imprisonment, has deprived Mr. Bass of due process and effective assistance of counsel as guaranteed under the Fifth and Sixth Amendments of the U.S. Constitution.

In this context, Defendants' P.S.R. presented the following: (in relevant part)(P.S.R. pages referenced are attached).

A. Reckless Driving on 4/25/2000 out of Circuit Court of Winnebago County, Illinois (00-TR-019619) whereas the defendant was sentenced to 1 year "CONDITIONAL DISCHARGE" after pleading guilty. Subsequently, the defendants' "Conditional Discharge" was terminated on 7/20/2001 which resulted in EXPUNGEMENT of this conviction. Therefore, the 1 Criminal History Point he received under §4A1.1(c) and §4A1.2(c)(1) is invalid pursuant to §4A1.2(j) which reads in relevant part; EXPUNGED CONVICTIONS "Sentences for expunged convictions are not counted." (emphasis added) Id. P.S.R. on page 8 at lines 170-176.

B. Criminal Trespass to Vehicle on 6/1/2000 out of Circuit Court of Cook County, Illinois (00-500425701) whereas the defendant was [initially] sentenced to 18 Months Court



Supervision on 9/25/2000. However, this sentence was ultimately AMENDED TO 5 DAYS CUSTODY on 4/12/2001. Therefore, the [amended] sentence did not result in a sentence of imprisonment of at least 30 days as required pursuant to §4A1.2(c)(1)(A), and the [amended] sentence TERMINATED the initial sentence of court supervision of 18 months, therefore this conviction should not have been counted as 1 Criminal History Point under §4A1.1(c) and §4A1.2(c)(1). (emphasis added) Id., P.S.R. on page 8 at lines 172-186.

In addition to the above argument, the P.S.R. further discloses the fact that the defendant was not represented by counsel, i.e., "The issue of attorney representation is unknown." Id. p. 8 at line 184. The probation officer summarized that attorney representation is unknown, is simply, incorrect. In this regard, the defendant avers that he was not represented by counsel. Therefore, pursuant the United States Supreme Court's holding in Nichols V. U.S., 511 U.S. 738 (1994) whereas the Supreme Court reaffirmed the rule that "prior [un-counseled] convictions are constitutionally valid for sentencing purposes IF NO IMPRISONMENT WAS IMPOSED" (Id.), this conviction cannot be counted based upon the facts at bar. (emphasis added) Moreover, any [ambiguity] within the records available in regards to the above referenced conviction cannot be utilized against the defendant to apply 1 criminal history point. No criminal history point should be counted for this conviction.

C. Driving on a Revoked/Suspended License on 3/19/2003 out of Circuit Court of Cook County, Illinois (48681456) whereas the defendant was sentenced 1 Year "CONDITIONAL DISCHARGE" after pleading guilty. Subsequently, the defendant's "Conditional Discharge" was terminated on 3/18/2004 which resulted in EXPUNGEMENT of this conviction. Therefore, the 1 Criminal History Point he received under §4A1.1(c) and §4A1.2(c)(1) is invalid pursuant to §4A1.2(j) which reads in relevant part; EXPUNGED CONVICTIONS "Sentences for expunged convictions are not counted." (emphasis added) Id. P.S.R. on page 9 at lines 187-196.

In addition to the above argument, the P.S.R. further discloses that the defendant was not represented by counsel, i.e., "The issue of attorney representation is unknown." Id. on p. 8 at line 194. The probation officer summarized that attorney representation is unknown, is simply, incorrect. In this regard the defendant avers that he was not represented by counsel. In light of no counsel representation and no sentence of imprisonment was imposed, the United States Supreme Court's holding in Tucker V. U.S., 404 U.S. 443 (1972); Gideon V. Wainwright, 372 U.S. 335 (1963), should dispose of this matter, where the court found that " uncounseled misdemeanor convictions may not be used to enhance sentence for later conviction." Id. See also U.S. V. Kaneakua, 105 F.3d 463 (9ᵗʰ Cir. 1997) same. Moreover, any [ambiguity] within the records available in regards to the above referenced conviction cannot be utilized against the defendant to apply 1 criminal history point. No criminal history point should be counted for this conviction.

-7-

D. Driving on a Revoked/Suspended License on 7/21/2004 out of Circuit Court of Cook County, Illinois (YA690800) whereas the defendant was sentenced to 90 days after pleading guilty. The defendant received 2 additional criminal history points for this offense pursuant to §4A1.2(c)(1) and 4A1.1(b). However, the P.S.R. further discloses that, "The issue of attorney representation is not clear from available records." Id. p. 11 at line 231-32. The probation officers summation regarding attorney representation is, incorrect. In this regard, the defendant avers that he was not represented by counsel. In light of no counsel representation and the resulting 90 day sentence of imprisonment this conviction cannot be counted pursuant to the Supreme Courts' holding in Nichols v. U.S., 511 U.S. 238 (1994)(supra at B). It was in error to utilize this conviction to enhance the defendants' criminal history points caculation. Moreover, any ambiguity within the records available to the above referenced conviction cannot be utilized against the defendant to apply 2 additional criminal history points.

Id. P.S.R. on page 11 at lines 221-234.

## Criminal History Computation and Re-Computation:

Initially the defendants' criminal convictions resulted in a total of 11 criminal history points. However, 6 prior convictions were assigned one point each and only 4 points may be used pursuant to §4A1.1(c), the adjusted criminal history points was 9. Three (3) points were

-8-



added pursuant to § 4A1.1(d) and(e) based upon the instant offense being committed while on both supervised release and less than two years after being released from custody. A total of 12 points, at Category V.

    The Re-Computation would adjust the defendant's prior 6 convictions that were assigned 1 point each, to 3 Points Total, and not 4 pursuant to § 4A1.1(c). And the 2 point reduction would apply to the un-counseled misdemeanor addressed at D supra, for a subtotal of 6, plus the 3 points added pursuant to § 4A1.1(d) and(e). The re-computated total criminal history points will be 9, at Category IV. (emphasis added)

## Argument

    The Sixth Amendment of the U.S. Constitution ensures that the defendant in a criminal case be afforded counsel to represent his best interest, that right includes that counsel perform effectively. McMann v. Richardson, 397 U.S. 759 at 771 n.14 (1970). The purpose of guaranteeing the right to effective assistance of counsel is to provide fairness throughout the entire course of a criminal case. Strickland v. Washington, 466 U.S. 668 at 684-85 (1984).

    To demonstrate ineffective assistance of counsel, the accused must show that the lawyer's representation, (1) fell below an objective standard of reasonableness" and (2), that there is a reasonable probability that but for counsel's unprofessional errors, the results of the proceeding would have been different. Strickland,

supra, 466 U.S. at 688-94. Even though the ultimate determination of prejudice under Strickland may be regarded as an issue of law, that issue will almost involve the application of the legal standard of prejudice to the particular facts of the case, Cablon V. United States, 194 F.3d 401 at 405 (2nd Cir. 1995)

In the present case, Mr. Bass submits, and has demonstrated through the facts of this case, that his attorney Mr. Belgen's performance, in regards to the aforementioned P.S.R.- criminal history enhancements and his failure to timely object to, and argue same, resulted in representation efforts that fell below the objective standard of reasonableness. A reasonably competent attorney would have carefully reviewed the criminal history enhancements and found, through minimal research, that they were improperly being pursued against his client. Therefore, moving the attorney to include such objections within his P.S.R. Objections filed pursuant to Rule 32 of the Fed.R.Crim.P.. This meets the first prong of the Strickland test, i.e., counsel's representation efforts fell below an objective standard of reasonableness. Id.

As for the second prong of Strickland, prejudice in this case is clear. In this context, the Court in this case carefully followed the guideline recommendations of the U.S.S.G. Manual. That being, an Offense Level of 17 with a Criminal History Category of V based upon a finding by the Court of 12 Criminal History Points. Id. Sentencing Hearing Transcript of July 25, 2007 at p. 66.

This resulted in a recommend guideline range of 46-57 Months. Id. In consideration of all the factors in this case, the Court, in light of 18 U.S.C. § 3553(a) decided to reduce the high end of the guideline range by five (5) months, and impose a sentence of 52 months. Id. Hearing Transcript, p. 66. (copy attached of pages 64-66)

Had defense counsel properly advanced the P.S.R. Objections the results of the defendant's Criminal History Category would have been reduced to IV for a guideline range of 37-46 months. And in consideration of the Court's reasoning addressed above, the Court most likely would have reduced the high end of the guideline range by five (5) months, and imposed a sentence of 41 months. Respectively, saving the defendant some nine months of imprisonment. At minimum the reduced Criminal History Category would have resulted in a range of 6-15 months less than of V.

The authority in this area is clear, "any additional period of incarceration that is the result of error is prejudicial to the defendant." Glover V. U.S., 148 LEd. 2d 604 (2001); Failing to raise sentencing issue denied effective assistance. U.S. V. Mannino, 212 F.3d 835 (3rd Cir. 2000); Counsel's failure to object to application of guidelines that increased sentence was ineffective assistance. Glover, 531 U.S. 198 (2000). The facts here meet the second prong of the Strickland test, that there is a reasonable probability that but for counsel's errors (unprofessional), the results of the proceedings would have been different. (emphasis added).

-11-

Ground Two:

Whether defense counsel's failure to timely appeal the improperly enhanced sentence that was the result of invalid P.S.R. caculations, and resulted in a longer term of imprisonment, has deprived Mr. Bass of due process and effective assistance of counsel as guaranteed under the Fifth and Sixth Amendments of the U.S. Constitution.

In this regard, and based upon the aforementioned facts and circumstances presented in this motion, defense counsel had a duty to pursue an appeal addressing the improper Criminal History Caculations that resulted in a higher Category and increased prison sentence. For all the apparent reasons addressed in Ground One, supra, his failure to do so meets both of the prongs of Strickland. Ineffective assistance of counsel.

## Conclusion

Based upon all of the facts and circumstances presented herein, the Defendant's sentence should be vacated and he should be resentenced. Counsel's errors resulted in the denial of due process and effective assistance of counsel, depriving the defendant of his Fifth and Sixth Amendment Rights which are guaranteed under the United States Constitution. In the interest of the fair administration of justice, the Defendant's writ of habeas corpus should be granted.

Respectfully submitted,

James Bass

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
   Sheet 1

# UNITED STATES DISTRICT COURT

| Northern | District of | Illinois |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| Jermone Bass | Case Number:    07 CR 59-1 |
| | USM Number:    21270-424 |
| | Patrick W. Blegen |
| | Defendant's Attorney |

## THE DEFENDANT:

x  pleaded guilty to count(s)  1

☐ pleaded nolo contendere to count(s)   
  which was accepted by the court.

☐ was found guilty on count(s)   
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1029(a)(2) | Trafficking Unauthorized Access Devices | February 2006 | 1 |

  The defendant is sentenced as provided in pages 2 through   10   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)   

☐ Count(s)    ☐ is   ☐ are  dismissed on the motion of the United States.

  It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 25, 2007
Date of Imposition of Judgment

Signature of Judge

Rebecca R. Pallmeyer, U. S. District Judge
Name and Title of Judge

August 1, 2007
Date

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

BY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

DATE: 8-3-07

AO 245B     (Rev. 06/05) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___10___

DEFENDANT:          BASS, Jermone
CASE NUMBER:        07 CR 59-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Fifty-Two (52) Months.  Costs waived.

X     The court makes the following recommendations to the Bureau of Prisons:
      Defendant to be designated to a facility as close to Chicago as possible.  Defendant to participate in mental health treatment while in the custody of the Bureau of Prisons.

X     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

      ☐    a_____ ☐ a.m. ☐ p.m.    on    _____.

      ☐    as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐    before 2 p.m. _____.

      ☐    as notified by the United States Marshal.

      ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____10/1/2007_____ to _____FCI Pekin_____

at _____Pekin IL_____ , with a certified copy of this judgment.

_____J.C. Zuercher  Warden_____
                              UNITED STATES MARSHAL

By _____M Lewis  CLE_____
                              DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___10___

DEFENDANT:        BASS, Jermone
CASE NUMBER:      07 CR 59-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Four (4) Years. Costs waived.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
     student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of
     each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other
     acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any
     controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a
     felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any
     contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the
     permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal
     record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the
     defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
             Sheet 3A — Supervised Release

DEFENDANT:        BASS, Jermone
CASE NUMBER:      07 CR 59-1

## ADDITIONAL SUPERVISED RELEASE TERMS

Upon completion of the defendant's term of incarceration, the remaining restitution shall be paid in installments equal to 10% of the defendant's net monthly income.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall cooperate in the collection of a DNA sample from the defendant if the collection of such a sample is authorized, pursuant to Section 3 of the DNA Analysis Backlog Elimination ACT of 2000.

The defendant shall participate in an alcohol aftercare treatment program which may include urine testing, up to 104 tests per year, at the direction of the probation officer.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and random drug tests thereafter, conducted by the U.S. Probation Office, not to exceed 104 tests per year.

The defendant shall not possess a firearm or destructive device.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of ___10___

DEFENDANT:       BASS, Jermone
CASE NUMBER:     07 CR 59-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100 | $ Waived | $ 143,607.94 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| J.P. Morgan Chase Bank |  | 143,607.94 | 100% |

| TOTALS | $ | 0 | $ | 143607.94 |
|---|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    x  the interest requirement is waived for the    ☐ fine   x  restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___10___

DEFENDANT:        BASS, Jermone
CASE NUMBER:      07 CR 59-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    X    Lump sum payment of $ ___100_____    due immediately, balance due

      ☐   not later than _____ , or
      X☐  in accordance     ☐ C,   ☐ D,   ☐   E, or   X  F below; or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    X    Special instructions regarding the payment of criminal monetary penalties:

      Defendant to begin making payments toward the fine imposed through inmate financial responsibility program earnings. Any
      balance that remains when Defendant begins his Supervised Release, to be made on monthly payments of 10% of his net earnings.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
      and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

8

**BASS, Jermone**
**Docket No. 07 CR 59-1**

| 170 171 | 4/25/00 (Age: 24) | Reckless Driving/Circuit Court of Winnebago County, Illinois (00 TR 019619) | 7/21/00: Pled Guilty/ Found Guilty, 1 Year Conditional Discharge 7/20/01: Conditional Discharge Terminated | §4A1.1(c) & §4A1.2(c)(1) | 1 |
|---|---|---|---|---|---|
| 177 178 | 6/1/00 (Age: 24) | Criminal Trespass to Vehicle/Circuit Court of Cook County, Illinois (00-500425701) | 9/25/00: Pled Guilty/ Found Guilty, 18 Months Court Supervision, 5 Days SWAP; 12/19/00: Petition to Revoke Supervision, Reinstate SWAP 10 Days; 2/20/01: Sentence Amended to 20 Days SWAP; 4/17/01: Sentence Amended to 5 Days Custody | §4A1.1(c) & §4A1.2(c)(1) | 1 |

172 173 174   The defendant was arrested by the Illinois State Police, District 16. An arrest report has been requested, however, one has not been received as of the date of this report. The defendant was represented by a public defender during court proceedings.

175 176   The above conviction is assigned one criminal history point, pursuant to §§4A1.1(c) and 4A1.2(c)(1).

179 180 181 182 183 184   The defendant was arrested by the Illinois State Police. An arrest report has been requested, however, one has not been received as of the date of this report. As of the date of this report, the Circuit Clerk's Office in Bridgeview, Illinois, has not been able to locate the criminal file for this offense. However, a sentencing order for this case was located within another case file regarding the defendant (00-500313901). A termination date for the defendant's court supervision is not noted within available records. The issue of attorney representation is unknown.

185 186   The above conviction is assigned one criminal history point, pursuant to §§4A1.1(c) and 4A1.2(c)(1).

9

BASS, Jermone
Docket No. 07 CR 59-1

| | | | | | |
|---|---|---|---|---|---|
| 187 188 | 4/19/01 (Age: 25) | Driving on a Revoked/ Suspended License/Circuit Court of Cook County, Illinois (Y8681456) | 3/19/03: Pled Guilty/ Found Guilty, 1 Year Conditional Discharge, $500 Fine; 3/18/04: Conditional Discharge Terminated Satisfactory | §4A1.1(c) & §4A1.2(c)(1) | 1 |

189  The defendant was arrested by the Bedford Park Police Department. He was also charged with
190  criminal trespass to vehicle, which was stricken off with leave to reinstate on March 19, 2003. A
191  request for a narrative of the offense has been forwarded to the Bedford Park police department,
192  however, a response has not been received as of the date of this report. The Cook County Circuit
193  Clerk's Office in Bridgeview, Illinois, indicated that the file can not be located as of the date of this
194  report. The issue of attorney representation is unknown.

195  The above conviction is assigned one criminal history point, pursuant to §§4A1.1(c) and
196  4A1.2(c)(1).

| | | | | | |
|---|---|---|---|---|---|
| 197 198 | 6/3/01 (Age: 25) | Criminal Trespass to Vehicle/Circuit Court of Cook County, Illinois (01-123900101) | 12/5/01: Pled Guilty/ Found Guilty, 9 Months Court Supervision; 9/4/02: Supervision Terminated | §4A1.2(c)(1) | 0 |

199  According to the Chicago, Illinois Police Department arrest report, the defendant was observed by
200  officers driving a 2001 Jeep Cherokee, stolen from an Avis Rent-A-Car. The defendant told officers
201  that his brother, Larry, had a friend at the rental agency that would make up fake rental contacts and
202  let friends "borrow" cars. The defendant was represented by counsel during court proceedings.

203  The above conviction is not assigned any criminal history points as the sentence did not include at
204  least one year of probation or thirty days imprisonment, pursuant to §4A1.2(c)(1).

| | | | | | |
|---|---|---|---|---|---|
| 205 206 | 12/19/01 (Age: 26) | Driving on a Revoked/ Suspended License/Circuit Court of Cook County, Illinois (Y9481542) | 1/9/02: Pled Guilty/ Found Guilty, 1 Year Court Supervision; 3/29/02: Petition to Revoke Supervision; 10/16/02: Supervision Terminated Satisfied | §4A1.1(c) & §4A1.2(c)(1) | 1 |

11

BASS, Jermone
Docket No. 07 CR 59-1

| 221<br>222 | 6/8/04<br>(Age: 28) | ?<br>· | Driving on a Revoked/<br>Suspended License/Circuit<br>Court of Cook County,<br>Illinois (YA690800) | 7/21/04: Pled Guilty/<br>Found Guilty, 90 Days<br>Custody, $179 Fine &<br>Costs;<br>8/17/04: Warrant<br>Issued;<br>7/12/05: Warrant<br>Executed, 90 Days<br>Custody, Time<br>Considered Served | §4A1.2(c)(1) &<br>§4A1.1(b) | 2 |
|---|---|---|---|---|---|---|

223  According to the Hometown, Illinois police department arrest report, officers responded to a
224  complaint of a disturbance in a parking lot. Upon arriving at the scene, officers observed a vehicle
225  matching the description driving away. The vehicle was pulled over, and an officer witnessed the
226  passenger and driver change seats. The victim, Hope Barlow, reported that she and the defendant
227  had gotten into an argument about her being pregnant. The defendant reportedly told her to buy a
228  pregnancy test, and when she exited the vehicle, the defendant tore off her wig, grabbed her by the
229  waist, and threw her back into the vehicle. She further indicated that he told her to switch seats when
230  the car was pulled over so that she would be in the driver's seat. The defendant was also charged
231  with domestic battery (Cook county Docket No. 04-500599301), which was dismissed. The issue
232  of attorney representation is not clear form available records.

233  The above conviction is assigned two criminal history points, pursuant to U.S.S.G. §§4A1.2(c)(1)
234  and 4A1.1(b)

235  <u>Criminal History Computation</u>

236  The defendant's criminal convictions result in a total of 11 criminal history points. However, the
237  defendant has six prior convictions which were assigned one point each. As only four such points
238  may be used in the computation of the defendant's criminal history category, pursuant to §4A1.1(c),
239  the adjusted total criminal history points is nine. The defendant also committed the instant offense
240  while on supervised release, and less than two years after being released from custody (both for
241  Docket No. 02 CR 854-1 in the Northern District of Illinois). Three points are added, pursuant to
242  §4A1.1(d) and (e). A total of 12 criminal history points results in a criminal history category of V.

243  <u>Pending Charges</u>

244  Since December 2005, the defendant has been serving a term of three years of supervised release in
245  the Northern District of Illinois (Docket No. 02 CR 854-1). In April and November of 2006,
246  violation reports were filed. Due to those violations, the defendant was ordered detained on

64

1      I want to begin by saying this is a hearing that

2  was very useful to me.  I really always have an idea what

3  should happen at sentencing when I walk out on the bench, but

4  I think that too often people assume a decision is all made

5  and they're really not ready to present anything, and this is

6  a case quite different.  I heard a very useful presentation

7  of evidence, both from the defendant and also in Mr. King's

8  cross-examination of the defense witness.

9      Here is what I think I need to do in this case.

10  Mr. Bass obviously has expressed significant remorse, the

11  remorse that he feels for the offense conduct as reflected in

12  the calculations that have been made.

13      What we have here is a guideline range, again, as

14  indicated, that ends at 57 months, so that's the high end of

15  the guideline range, and I don't -- I am not inclined to go

16  any higher than that.

17      I am also not inclined to go below the guideline

18  range in spite of what I think was very compelling evidence

19  from the doctor, who obviously took her obligations seriously

20  and performed a careful analysis of this defendant.

21      The concern that I have really is similar to the

22  one that's been voiced by everybody here.  The offense

23  conduct in question began immediately after Mr. Bass' release

24  from custody.  It just happened immediately, and it really --

25  although I am comfortable in finding that there was no

(65)

1    sophisticated means, it nonetheless was not a simple, obvious

2    theft.  It did involve some significant thinking and

3    planning.  It involved using different names, addresses,

4    obtaining phones, making calls.  It really was -- although I

5    recognize with the doctor that this is an individual who has

6    a hard time holding more than one thought in his mind at a

7    time, this was at least -- it was an offense that required at

8    least some more than impulsive thinking in order to carry it

9    out.  And I really do have a significant concern that the

10   offense conduct is likely to be repeated.

11          I want to point out that the original, the

12   unauthorized access, the original unauthorized access

13   offense, the one for which Judge Lindberg, I understand, will

14   be -- sentenced Mr. Bass once, happened when Mr. Bass already

15   had a long criminal record.  While that case was pending, he

16   was arrested two more times.

17          In July 2004, Mr. Bass was sentenced on that

18   charge; and when he was released from custody and on

19   supervised release, he immediately began this offense.  And

20   while being investigated and prosecuted for this offense, he

21   incurred two more arrests.  He is really a person who's just

22   having a very hard time comporting his conduct to the law.

23          I realize that part of that may be a function of

24   the brain injury, but I also -- and there may be a diminished

25   capacity concern, and that's the reason I don't think a

**66**

1    sentence in excess of the guidelines is appropriate, but I am

2    also not inclined to impose one that's below the guideline

3    range either.

4         It's a 46- to 57-month guideline range, and I would

5    actually be of the view that a high-end guideline sentence is

6    appropriate were it not for the fact that Mr. Bass is, as I

7    understand it, going to do ten months, at least, on the

8    supervised release violation.  At least, that's the

9    recommendation that he expects to get.

10        For that, my inclination is to reduce the high-end

11   guideline range in this case by five months, for half of that

12   time, and impose a sentence of 52 months, followed by -- the

13   supervised release range under the guidelines is from 2 to 3

14   years.

15        I am actually going to depart upwards there and

16   impose four years of supervised release, because I think Mr.

17   Bass needs significant supervision, and it needs to last, and

18   I am going to talk about the conditions of supervised release

19   in just a moment.

20        The fine range here is 6,000 to 60,000 dollars.

21   Mr. Bass faces such a significant restitution obligation that

22   I am not going to impose any fine.  I am not going to impose

23   costs of custody or any interest on the restitution

24   obligation.

25        With respect to the conditions of supervised